049995/21236/ JAF/LRL/OAR                                                                 Firm ID No.

# IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EMILIO CARRASCO, HERMELINDA CARRASCO, and ELEUTERIO NAVAREZ, | |
| Plaintiff, | |
| v. | No. 1:22-cv-3979 |
| GUADIANA EXPRESS ELITE CHARTER, INC., | |
| Defendants. | |

### NOTICE OF REMOVAL

For its Notice of Removal pursuant to 28 U.S.C. § 1446, Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., by and through its attorneys, Lara Lickhalter of CASSIDAY SCHADE LLP, states as follows:

**Background and State Court Procedural Posture**

1. Plaintiffs, Emilio Carrasco, Hermelinda Carrasco, and Eleuterio Navarez (collectively, the "Plaintiffs"), filed their Complaint at Law in the Circuit Court of Cook County on June 1, 2022. *See* Complaint, attached hereto as **Exhibit A.** The Complaint named Guadiana Express Elite Charter, Inc. (hereinafter, "Guadiana") as the sole Defendant.

2. This lawsuit arises from an alleged charter bus incident occurring on Interstate 55 (near milepost 79) on March 11, 2022. As a result of the alleged incident, Plaintiffs, passengers on Defendant's charter bus, claim they sustained damages including, "personal injury; that they have and will in the future sustain pain and suffering; have and will be kept from attending to [their] ordinary affairs and duties; have and will in the future become obligated to pay sums of money for medical and hospital care and attention; have lost and will in the future lose financial gains; have

1

been diminished in [their] earning capacity; and have been otherwise harmed in a pecuniary fashion."

3. Defendant was served on July 14, 2022 at its bus terminal in Chicago, Illinois.

### I. This Litigation Satisfies the Requirements for Diversity Jurisdiction Pursuant to 28 U.S.C. § 1332.

4. Pursuant to 28 U.S.C. § 1332, a party may invoke Federal Jurisdiction where there is (1) complete diversity of the Parties, and (2) more than $75,000 in controversy alleged. For purposes of diversity, a corporation defendant shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). *See also Hertz Corp. v. Friend,* 559 U.S. 77, 80 (2010). The phrase "principal place of business" refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities. *Hertz,* 599 U.S. at 80; *See also Wachovia Bank, N.A. v. Schmidt,* 546 U.S. 303, 317 (2006) (stating, "For purposes of diversity, a corporation surely is not deemed a citizen of every State in which it maintains a business establishment."). As such, both requirements for diversity jurisdiction exist in this case.

5. First, there is complete diversity of the parties. Plaintiffs, per their Complaint, are all residents of Illinois. (Ex. A at ¶ 2). Plaintiffs are therefore citizens of the State of Illinois. Defendant, Guadiana Express Elite Charter, Inc., is a corporation organized under the laws of the State of Texas, with its principal place of business in McAllen, Texas. *See* Texas Secretary of State Franchise Tax Account Status, attached hereto as **Exhibit B;** *See* Federal Motor Carrier Safety Administration ("FMCSA") Company Snapshot, attached hereto as **Exhibit C.**

6. Plaintiffs' Complaint incorrectly maintains that Defendant's principal place of business is located in Cook County, Illinois. (Ex. A at ¶ 1). The address identified, 4215 West 26th St., Chicago, Illinois, however, is simply a bus terminal. Guadiana is not registered with the

Illinois Secretary of State nor has a registered agent in Illinois. Guadiana's high-level officers do not direct, control, nor coordinate the corporation's activities from the Chicago terminal location. No business decisions, whatsoever, are made at this location. Rather, as expressed, Guadiana's principal place of business is in the State of Texas, where it is incorporated. Accordingly, complete diversity exists in this matter.

7. Second, this matter contains more than $75,000 in controversy. Since the Illinois Code of Civil Procedure does not require a party to plead a maximum amount of damages in a state court filing, Plaintiffs claimed only that their damages *exceed* $50,000 in their underlying State Court Complaint. *See* 28 U.S.C. § 1446(c)(2)(A)(ii). However, the nature of Plaintiffs' alleged injuries, as well as the value of their claimed economic and non-economic damages, clearly place more than $75,000 in controversy in this matter. *See* 28 U.S.C. § 1446(c)(2)(B).

8. Specifically, Plaintiffs claim personal injury, current and future pain and suffering, current and future lost financial gains, diminished earning capacities, and current and future medical treatment. Plaintiffs' counsel also advises that Plaintiff, Hermelinda Carrasco, alone, has sustained multiple fractures necessitating surgery and extended in-patient rehabilitation, as well as a subsequent neurological injury rendering her with paralysis.

9. As such, this lawsuit satisfies both requirements for diversity jurisdiction as (1) complete diversity between the parties exists, and (2) Plaintiffs' alleged injuries and damages clearly place more than $75,000 in controversy.

**II. Defendant Timely Filed Its Notice of Removal Pursuant to 28 U.S.C. § 1446.**

10. A party seeking removal must file notice within thirty days after receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. 28 U.S.C. § 1446(b)(2)(B).

11. Here, Guadiana Express Elite Charter, Inc. was served on July 14, 2022. *See* Affidavit of Special Process Server, attached hereto as **Exhibit D.** Thus, Defendant had thirty (30) days to remove, or particularly, until August 13, 2022. However, because this date falls on the weekend, the removal period is extended through August 15, 2022. *See* Fed. R. Civ. P. 6(a)(1)(C).

12. Therefore, Guadiana satisfies all requirements for removing this action to Federal Court. 28 U.S.C. § 1446(b)(2)(A)-(C).

### III. Pursuant to 28 U.S.C. § 1441, This Litigation Must be Removed to the Eastern Division of the Northern District of Illinois.

13. Removal must be into the district court sitting in the district where the state court action is currently pending. 28 U.S.C. § 1441(a); *See also Lee v. Chesapeake & O Ry. Co.*, 260 U.S. 653, 657 (1923); *See also Kerobo v. Southwestern Clean Fuels Corp.,* 285 F.3d 531, 534 (6th Cir. 2002).

14. The Northern District of Illinois is the Federal Court sitting in the district where the State Court case is currently pending (Cook County). As such, this action must be removed to this Court.

*15.* Nonetheless, although Section 1441 fixes venue for an action removed from Cook County Circuit Court to the Northern District of Illinois, the act of removal does not waive one's right to challenge venue once in Federal Court. *See Greenberg v. Giannini, 140 F.2d 550, 553 (2d Cir. 1944).*

16. Accordingly, the Northern District of Illinois, pursuant to 28 U.S.C. § 1441, must initially hear a lawsuit removed from the Circuit Court of Cook County, however, the Parties remain free to challenge venue once in Federal Court.

**Conclusion**

17. As this lawsuit meets the requirements for diversity jurisdiction, and because Defendant timely filed and served its Notice of Removal, this instant lawsuit qualifies for removal to Federal Court.

18. Therefore, Guadiana requests this lawsuit be removed from the Circuit Court of Cook County, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.

WHEREFORE, Defendant, Guadiana Express Elite Charter, Inc., respectfully requests this cause of action be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Respectfully submitted,

GUADIANA EXPRESS ELITE CHARTER, INC.

By: /s/ *Lara R. Lickhalter*

Lara R. Lickhalter
CASSIDAY SCHADE LLP
222 West Adams Street, Suite 2900
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 – Fax
llickhalter@cassiday.com

**Certificate of Service**

    I hereby certify that on August 1, 2022 I electronically filed the foregoing document with the clerk of the court for the Northern District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ *Lara R. Lickhalter*

11135017