FILED
6/1/2022 4:53 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022L004898
Calendar, H
18122738

FILED DATE: 6/1/2022 4:53 PM  2022L004898

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| EMILIO CARRASCO, ) | |
| HERMELINDA CARRASCO, ) | |
| ELEUTERIO NAVAREZ, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. |
| ) | |
| ) | |
| GUADIANA EXPRESS ) | |
| ELITE CHARTER, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiffs, EMILIO CARRASCO, ELEUTERIO NAVAREZ, HERMELINDA CARRASCO, by and through their attorneys, COSTELLO, MCMAHON, GILBRETH & MURPHY, LTD., and complaining of the Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., states as follows:

## COMMON ALLEGATIONS

1. That on and prior to March 11, 2022, Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., was a Texas corporation with its principal place of business located at 4215 West 26th Street, City of Chicago, County of Cook, State of Illinois.

2. That on or about March 11, 2022, Plaintiff, ELEUTERIO NAVAREZ, was a resident of the County of Cook, State of Illinois and Plaintiffs EMILIO CARRASCO and HERMELINDA CARRASCO were residents of the County of Will, State of Illinois.

3. That on and prior to March 11, 2022, Interstate 55 ran in a generally northerly and southerly direction at or near milepost 79 in Sangamon County, State of Illinois.

1

EXHIBIT A

4. That on or about March 11, 2022, Defendant, GUADIANA EXPRESS ELITE CHARTER, INC. owned, operated, managed, and controlled a certain motor vehicle that was traveling in a northerly direction on Interstate 55 at or near milepost 79 in Sangamon County, State of Illinois.

5. That on or about March 11, 2022, Plaintiffs, EMILIO CARRASCO, ELEUTERIO NAVAREZ, HERMELINDA CARRASCO, were passengers on the aforementioned motor vehicle owned, operated, managed, and controlled by Defendant GUADIANA EXPRESS ELITE CHARTER, INC. that was traveling in a northerly direction on Interstate 55 at or near milepost 79 in Sangamon County, State of Illinois.

6. That on or about March 11, 2022, on Interstate 55 at or near milepost 79 in Sangamon County, State of Illinois, the aforementioned motor vehicle owned, operated, managed, and controlled by Defendant GUADIANA EXPRESS ELITE CHARTER, INC. left the roadway and overturned.

### COUNT I EMILIO CARRASCO- COMMON CARRIER NEGLIGENCE

7. Plaintiff EMILIO CARRASCO repeats, realleges and incorporates Paragraphs 1 through 6 as if fully set forth herein.

8. That on or about March 11, 2022, Defendant GUADIANA EXPRESS ELITE CHARTER, INC. was a common carrier.

9. That at the aforesaid time and place, Defendant GUADIANA EXPRESS ELITE CHARTER, INC. owed Plaintiff EMILIO CARRASCO the duty of exercising the highest degree of care in the operation of Defendant's vehicle.

FILED DATE: 6/1/2022 4:53 PM  2022L004898

10. That notwithstanding said duty, on March 11, 2022, Defendant GUADIANA EXPRESS ELITE CHARTER, INC., was then and there guilty of one or more of the following negligent acts and/or omissions:

   a. Operated, managed, and maintained a motor vehicle so that as a direct and proximate result thereof Plaintiff EMILIO CARRASCO was injured;

   b. Operated a motor vehicle without keeping a proper and sufficient lookout;

   c. Caused a one-vehicle accident; and/or

   d. Failed to reduce speed to avoid an accident in violation of 625 ILCS 5/11-601.

11. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the aforementioned motor vehicle owned, operated, managed, and controlled by Defendant GUADIANA EXPRESS ELITE CHARTER, INC. left the roadway and overturned.

12. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, EMILIO CARRASCO, sustained personal injury, has and will in the future sustain pain and suffering, has and will be kept from attending to his ordinary affairs and duties, has and will in the future become obligated to pay sums of money for medical and hospital care and attention, have lost and will in the future lose financial gains that the Plaintiff otherwise would have acquired, and has been diminished in his earning capacity, and has been otherwise harmed in a pecuniary fashion.

WHEREFORE, Plaintiff, EMILIO CARRASCO, asks judgment against Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., in a fair and reasonable sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus the costs of bringing this lawsuit.

## COUNT II ELEUTERIO NAVAREZ - COMMON CARRIER NEGLIGENCE

13. Plaintiff ELEUTERIO NAVAREZ repeats, realleges and incorporates Paragraphs 1 through 6 as if fully set forth herein.

14. That on or about March 11, 2022, Defendant GUADIANA EXPRESS ELITE CHARTER, INC. was a common carrier.

15. That at the aforesaid time and place, Defendant GUADIANA EXPRESS ELITE CHARTER, INC. owed Plaintiff ELEUTERIO NAVAREZ the duty of exercising the highest degree of care in the operation of Defendant's vehicle.

16. That notwithstanding said duty, on March 11, 2022, Defendant GUADIANA EXPRESS ELITE CHARTER, INC., was then and there guilty of one or more of the following negligent acts and/or omissions:

    a. Operated, managed, and maintained a motor vehicle so that as a direct and proximate result thereof Plaintiff ELEUTERIO NAVAREZ was injured;

    b. Operated a motor vehicle without keeping a proper and sufficient lookout;

    c. Caused a one-vehicle accident; and/or

    d. Failed to reduce speed to avoid an accident in violation of 625 ILCS 5/11-601.

17. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the aforementioned motor vehicle owned, operated, managed, and controlled by Defendant GUADIANA EXPRESS ELITE CHARTER, INC. left the roadway and overturned.

18. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, ELEUTERIO NAVAREZ, sustained personal injury, has and will in the future sustain pain and suffering, has and will be kept from attending to his ordinary affairs and duties, has and will in the future become obligated to pay sums of

4

money for medical and hospital care and attention, have lost and will in the future lose financial gains that the Plaintiff otherwise would have acquired, and has been diminished in her earning capacity, and has been otherwise harmed in a pecuniary fashion.

WHEREFORE, Plaintiff, ELEUTERIO NAVAREZ, asks judgment against Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., in a fair and reasonable sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus the costs of bringing this lawsuit.

**COUNT III HERMELINDA CARRASCO - COMMON CARRIER NEGLIGENCE**

19. Plaintiff HERMELINDA CARRASCO repeats, realleges and incorporates Paragraphs 1 through 6 as if fully set forth herein.

20. That on or about March 11, 2022, Defendant GUADIANA EXPRESS ELITE CHARTER, INC. was a common carrier.

21. That at the aforesaid time and place, Defendant GUADIANA EXPRESS ELITE CHARTER, INC. owed Plaintiff HERMELINDA CARRASCO the duty of exercising the highest degree of care in the operation of Defendant's vehicle.

22. That notwithstanding said duty, on March 11, 2022, Defendant GUADIANA EXPRESS ELITE CHARTER, INC., was then and there guilty of one or more of the following negligent acts and/or omissions:

    a. Operated, managed, and maintained a motor vehicle so that as a direct and proximate result thereof Plaintiff HERMELINDA CARRASCO was injured;

    b. Operated a motor vehicle without keeping a proper and sufficient lookout;

    c. Caused a one-vehicle accident; and/or

    d. Failed to reduce speed to avoid an accident in violation of 625 ILCS 5/11-601.

23. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the aforementioned motor vehicle owned, operated, managed, and controlled by Defendant GUADIANA EXPRESS ELITE CHARTER, INC. left the roadway and overturned.

24. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, HERMELINDA CARRASCO, sustained personal injury, has and will in the future sustain pain and suffering, has and will be kept from attending to her ordinary affairs and duties, has and will in the future become obligated to pay sums of money for medical and hospital care and attention, have lost and will in the future lose financial gains that the Plaintiff otherwise would have acquired, and has been diminished in her earning capacity, and has been otherwise harmed in a pecuniary fashion.

WHEREFORE, Plaintiff, HERMELINDA CARRASCO, asks judgment against Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., in a fair and reasonable sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus the costs of bringing this lawsuit.

## COUNT IV EMILIO CARRASCO- NEGLIGENCE, IN THE ALTERNATIVE

25. Plaintiff EMILIO CARRASCO repeats, realleges and incorporates Paragraphs 1 through 6 as if fully set forth herein.

26. That at the aforesaid time and place, Defendant GUADIANA EXPRESS ELITE CHARTER, INC. owed Plaintiff EMILIO CARRASCO the duty of exercising ordinary care in the operation of Defendant's vehicle.

27. That notwithstanding said duty, on March 11, 2022, Defendant GUADIANA EXPRESS ELITE CHARTER, INC., was then and there guilty of one or more of the following negligent acts and/or omissions:

      a.     Operated, managed, and maintained a motor vehicle so that as a direct and proximate result thereof Plaintiff EMILIO CARRASCO was injured;

      b.     Operated a motor vehicle without keeping a proper and sufficient lookout;

      c.     Caused a one-vehicle accident; and/or

      d.     Failed to reduce speed to avoid an accident in violation of 625 ILCS 5/11-601.

28. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the aforementioned motor vehicle owned, operated, managed, and controlled by Defendant GUADIANA EXPRESS ELITE CHARTER, INC. left the roadway and overturned.

29. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, EMILIO CARRASCO, sustained personal injury, has and will in the future sustain pain and suffering, has and will be kept from attending to his ordinary affairs and duties, has and will in the future become obligated to pay sums of money for medical and hospital care and attention, have lost and will in the future lose financial gains that the Plaintiff otherwise would have acquired, and has been diminished in her earning capacity, and has been otherwise harmed in a pecuniary fashion.

WHEREFORE, Plaintiff, EMILIO CARRASCO, asks judgment against Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., in a fair and reasonable sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus the costs of bringing this lawsuit.

### COUNT V ELEUTERIO NAVAREZ – NEGLIGENCE IN THE ALTERNATIVE

30. Plaintiff ELEUTERIO NAVAREZ repeats, realleges and incorporates Paragraphs 1 through 6 as if fully set forth herein.

7

31. That at the aforesaid time and place, Defendant GUADIANA EXPRESS ELITE CHARTER, INC. owed Plaintiff ELEUTERIO NAVAREZ the duty of exercising ordinary care in the operation of Defendant's vehicle.

32. That notwithstanding said duty, on March 11, 2022, Defendant GUADIANA EXPRESS ELITE CHARTER, INC., was then and there guilty of one or more of the following negligent acts and/or omissions:

    a. Operated, managed, and maintained a motor vehicle so that as a direct and proximate result thereof Plaintiff ELEUTERIO NAVAREZ was injured;

    b. Operated a motor vehicle without keeping a proper and sufficient lookout;

    c. Caused a one-vehicle accident; and/or

    d. Failed to reduce speed to avoid an accident in violation of 625 ILCS 5/11-601.

33. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the aforementioned motor vehicle owned, operated, managed, and controlled by Defendant GUADIANA EXPRESS ELITE CHARTER, INC. left the roadway and overturned.

34. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, ELEUTERIO NAVAREZ, sustained personal injury, has and will in the future sustain pain and suffering, has and will be kept from attending to his ordinary affairs and duties, has and will in the future become obligated to pay sums of money for medical and hospital care and attention, have lost and will in the future lose financial gains that the Plaintiff otherwise would have acquired, and has been diminished in her earning capacity, and has been otherwise harmed in a pecuniary fashion.

WHEREFORE, Plaintiff, ELEUTERIO NAVAREZ, asks judgment against Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., in a fair and reasonable sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus the costs of bringing this lawsuit.

### COUNT VI HERMELINDA CARRASCO – NEGLIGENCE IN THE ALTERNATIVE

35. Plaintiff HERMELINDA CARRASCO repeats, realleges and incorporates Paragraphs 1 through 6 as if fully set forth herein.

36. That at the aforesaid time and place, Defendant GUADIANA EXPRESS ELITE CHARTER, INC. owed Plaintiff HERMELINDA CARRASCO the duty of exercising ordinary care in the operation of Defendant's vehicle.

37. That notwithstanding said duty, on March 11, 2022, Defendant GUADIANA EXPRESS ELITE CHARTER, INC., was then and there guilty of one or more of the following negligent acts and/or omissions:

   a. Operated, managed, and maintained a motor vehicle so that as a direct and proximate result thereof Plaintiff HERMELINDA CARRASCO was injured;

   b. Operated a motor vehicle without keeping a proper and sufficient lookout;

   c. Caused a one-vehicle accident; and/or

   d. Failed to reduce speed to avoid an accident in violation of 625 ILCS 5/11-601.

38. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, the aforementioned motor vehicle owned, operated, managed, and controlled by Defendant GUADIANA EXPRESS ELITE CHARTER, INC. left the roadway and overturned.

39. That as a direct and proximate result of one or more of the foregoing negligent acts and/or omissions, Plaintiff, HERMELINDA CARRASCO, sustained personal injury, has

FILED DATE: 6/1/2022 4:53 PM    2022L004898

and will in the future sustain pain and suffering, has and will be kept from attending to her ordinary affairs and duties, has and will in the future become obligated to pay sums of money for medical and hospital care and attention, have lost and will in the future lose financial gains that the Plaintiff otherwise would have acquired, and has been diminished in her earning capacity, and has been otherwise harmed in a pecuniary fashion.

WHEREFORE, Plaintiff, HERMELINDA CARRASCO, asks judgment against Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., in a fair and reasonable sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus the costs of bringing this lawsuit.

### COUNT VI EMILIO CARRASCO- RES IPSA LOQUITUR IN THE ALTERNATIVE

40. Plaintiff EMILIO CARRASCO repeats, re-alleges and incorporates by reference all of the preceding paragraphs this Complaint as though fully set forth herein.

41. That the aforementioned motor vehicle owned, operated, managed, and controlled by Defendant GUADIANA EXPRESS ELITE CHARTER, INC. leaving the roadway and overturning could not have happened absent the negligence of GUADIANA EXPRESS ELITE CHARTER, INC. in performing its work.

42. That GUADIANA EXPRESS ELITE CHARTER, INC. was the only parties who created and controlled the ultimate condition that caused the aforementioned motor vehicle to leave the roadway and overturn.

WHEREFORE, Plaintiff, EMILIO CARRASCO, asks judgment against Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., in a fair and reasonable sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus the costs of bringing this lawsuit.

### COUNT VII ELEUTERIO NAVAREZ – RES IPSA LOQUITUR IN THE ALTERNATIVE

43. Plaintiff ELEUTERIO NAVAREZ repeats, re-alleges and incorporates by reference all of the preceding paragraphs this Complaint as though fully set forth herein.

44. That the aforementioned motor vehicle owned, operated, managed, and controlled by Defendant GUADIANA EXPRESS ELITE CHARTER, INC. leaving the roadway and overturning could not have happened absent the negligence of GUADIANA EXPRESS ELITE CHARTER, INC. in performing its work.

45. That GUADIANA EXPRESS ELITE CHARTER, INC. was the only parties who created and controlled the ultimate condition that caused the aforementioned motor vehicle to leave the roadway and overturn.

WHEREFORE, Plaintiff, ELEUTERIO NAVAREZ, asks judgment against Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., in a fair and reasonable sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus the costs of bringing this lawsuit.

### COUNT VIII HERMELINDA CARRASCO – RES IPSA LOQUITUR IN THE ALTERNATIVE

46. Plaintiff HERMELINDA CARRASCO repeats, re-alleges and incorporates by reference all of the preceding paragraphs this Complaint as though fully set forth herein.

47. That the aforementioned motor vehicle owned, operated, managed, and controlled by Defendant GUADIANA EXPRESS ELITE CHARTER, INC. leaving the roadway and overturning could not have happened absent the negligence of GUADIANA EXPRESS ELITE CHARTER, INC. in performing its work.

48. That GUADIANA EXPRESS ELITE CHARTER, INC. was the only parties who created and controlled the ultimate condition that caused the aforementioned motor vehicle to leave the roadway and overturn.

FILED DATE: 6/1/2022 4:53 PM 2022L004898

WHEREFORE, Plaintiff, HERMELINDA CARRASCO, asks judgment against Defendant, GUADIANA EXPRESS ELITE CHARTER, INC., in a fair and reasonable sum in excess of FIFTY THOUSAND ($50,000) DOLLARS, plus the costs of bringing this lawsuit.

        Respectfully submitted,
        COSTELLO, MCMAHON, GILBRETH & MURPHY, LTD.
        Attorneys for Plaintiffs
        By: */s/ Michael E. Crane*
        Atty. No. 13550
        Costello, McMahon, Gilbreth & Murphy, Ltd.
        Attorneys for Plaintiffs
        150 N. Wacker Dr., Suite 3050
        Chicago, IL 60606
        (312) 541-9700
        service@costellaw.com